## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

BRYAN JENERETTE,         )
        #281446,      )
                  )    CIVIL ACTION NO. 9:10-886-RMG-BM
        Petitioner,   )
                  )
v.                    )
                  )
                  )    **REPORT AND RECOMMENDATION**
A.J. PADULA, WARDEN LEE   )
CORRECTIONAL INSTITUTION,  )
                  )
        Respondent.   )
_____)

      Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  The pro se petition was filed on April 6, 2010.[1]

      The Respondent filed a return and motion for summary judgment pursuant to Rule 56,

Fed.R.Civ.P., on December 2, 2010.  As the Petitioner is proceeding pro se, a Roseboro order was

entered by the Court on December 21, 2010, advising Petitioner of the importance of a motion for

summary judgment and of the necessity for him to file an adequate response. Petitioner was

specifically advised that if he failed to respond adequately, the Respondent's motion may be granted,

thereby ending his case.

_____

    [1]See Houston v. Lack, 487 U.S. 266, 270-276 (1988).



1

On January 24, 2011, Petitioner filed a memorandum in opposition to summary judgment. This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in the July 2005 term of the Horry County Court of General Sessions for murder [Indictment No. 05-GS-26-2546] and burglary in the first degree [Indictment No. 05-GS-26-2545], and in the September 2005 term for attempted armed robbery [Indictment No. 05-GS-26-3532] and criminal conspiracy [Indictment No. 05-GS-26-3080]. (R.pp. 1010-1015).[3] In January 2006, the Grand Jury indicted Petitioner for possession of a stolen vehicle, value over $5,000.00 [Indictment No. 06-08-26-0677]. (R.pp. 1016-1017). Petitioner was represented by Ralph J. Wilson, Esquire. On June 5-9, 2006, Petitioner was tried by a jury and found guilty of possession of a stolen vehicle and was sentenced ten (10) years imprisonment on that charge. (R.pp. i-905). The trial resulted in a hung jury on the other four charges. (R.p. 895). Petitioner did not appeal his conviction or sentence.

Instead of facing retrial on the remaining charges that had resulted in a mistrial, Petitioner pled guilty on August 10, 2006, to voluntary manslaughter, burglary first, and attempted armed robbery. (R.p. 924-948).[4] Petitioner received a negotiated sentence of twenty-five (25) years,

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]A copy of Indictment No. 05-GS-26-3080 does not appear to be in the record provided to the Court.

[4]Respondent represents that the criminal conspiracy charge was dismissed pursuant to the plea. See also (R.p. 1002).



concurrent to his sentence for the conviction from June 9, 2006.  (R.p. 948).

On March 9, 2007, Petitioner filed an Application for Post Conviction Relief ("APCR") in state circuit court, which dealt with his conviction and sentence on the charge of possession of a stolen vehicle.[5]  Jenerette v. State of South Carolina, No. 2007-CP-26-1514. Petitioner raised the following issues in that APCR:

> **Ground One:** Ineffective assistance of trial counsel - trial counsel was ineffective for failing to investigate the case; and
>
> **Ground Two:**  Violation of the 14th Amendment (subject matter jurisdiction) - indictment failed to allege all elements.
>
> **Ground Three**:  Failure of trial counsel to perfect direct appeal.[6]

(R.pp. 912-913).

An evidentiary hearing was held on April 30, 2008,[7] at which Petitioner was represented by Paul Archer, Esquire.  (R.pp. 971-995).  On May 15, 2008, the PCR judge entered an order finding that Petitioner had withdrawn all claims except the claim relating to a belated appeal, and that with respect this claim, Petitioner was not denied his right to appeal.  The APCR was therefore dismissed in its entirety.  (R.pp. 996-1000).  In a separate order, the PCR judge also denied

---

[5]Petitioner also subsequently filed a separate APCR on December 28, 2007, which dealt with his guilty plea.  Jenerette v. State of South Carolina, No. 2007-CP-26-8208.  Those convictions are the subject of another federal habeas petition which is pending before this Court.  See Jenerette v. Padula, Civil Action No. 9:10-1030.

[6]Although this claim is not listed as a claim in the Petition, Petitioner does reference that trial counsel told Petitioner he was filing an appeal, and the Respondent listed this claim as an issue in its Return.

[7]This hearing was combined with a hearing on Petitioner's other pending PCR action, which had one remaining issue concerning a belated appeal.



relief in Petitioner's other PCR action.  (R.pp. 1001-1007).

        Petitioner then filed a timely appeal, which was ultimately consolidated with the appeal in 07-CP-26-8208.  (R.pp. 1053-1054).  Petitioner was represented by LaNelle Cantey DuRant, Appellate Defender, and raised the following issues in his consolidated appeal:

> 1.  Did the PCR court err in denying petitioner's PCR application related to all of his claims of ineffective assistance of counsel and his right to a belated appeal according to <u>White v. State</u>, 208 S.E.2d 35 (S.C. 1974) on his June 5-9, 2006 trial where he was found guilty of possession of a stolen vehicle?

> 2.  Did the PCR court err in denying petitioner's right to a belated appeal according to <u>White v. State</u>, 208 S.E.2d 35 (S.C. 1974) on his August 10, 2006 guilty plea where he entered a guilty plea to voluntary manslaughter, attempted armed robbery, and burglary first degree?

<u>See</u> Petition, p. 2.  (R.p. 1028).

However, on May 1, 2009, Petitioner's counsel wrote and informed the South Carolina Supreme Court that the Petitioner had decided to drop his appeal.  Petitioner's affidavit affirming that decision was also included.  (R.pp. 1055-1056).  As a result, the South Carolina Supreme Court granted Petitioner's motion and dismissed his appeal on May 28, 2009.  <u>See</u> Order dated May 28, 2009.  (R.p. 1057).  The Remittitur was sent down on June 15, 2009.  (R.p. 1058).

        On January 21, 2010, Petitioner filed another APCR (10-CP-26-530) raising the following issues:

> 1.  Violation of the 14th Amendment (coerced evidence) - Trial/ plea counsel informed me to give law enforcement statement to help myself

> 2.  Violation of the 14th Amendment (perjured testimony) - . . . Solicitor allowed perjured testimony; and

> 3.  Violation of the 14th Amendment (law enforcement paid informant for testimony).

<u>See</u> Petition, p. 3.  <u>See</u> <u>also</u> (R.pp. 1059-1065).



4

On March 29, 2010, the PCR judge issued a conditional order of dismissal based on the statute of limitations and successive petition, and giving Petitioner twenty (20) days to show why the conditional dismissal should not become final.  <u>See</u> Conditional Order of Dismissal dated March 29, 2010.  (R.pp. 1071-1075).  Petitioner filed a response; (R.pp. 1077-1080); and on June 3, 2010, the PCR judge entered a final order of dismissal.  <u>See</u> Order of Dismissal dated June 3, 2010.  (R.pp. 1081-1082).  The Respondent represents in its motion that this matter is still pending in the state court.[8]

In this federal habeas corpus petition, Petitioner raises the following issue:

Ineffective Assistance of Counsel.

**Supporting Facts:** Counsel coerced me into accepting a lie detector test that was involuntary . . . counsel also coerced me into giving law enforcement officers a statement that was also involuntary.

<u>See</u> Petition, p. 6.

## <u>Discussion</u>

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing  pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>,  405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the

---

[8]Petitioner apparently has filed an appeal of the denial of his APCR.



existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

## I.

Respondent argues, <u>inter alia</u>, that this entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[9] and runs from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A). Petitioner's state court conviction became final on June 19, 2006, ten (10) days after his conviction and sentencing. <u>See</u> Rule 203(b)(2),

---

[9]Antiterrorism and Effective Death Penalty Act of 1996.



SCACR.[10]  By the time Petitioner filed his APCR on March 9, 2007, two hundred and sixty-two (262) days of non-tolled time had passed from when his conviction had become final.  The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until June 15, 2009, when the  Remittitur was sent down by the South Carolina Supreme Court.  See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris, 209 F.3d at 328 [running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at *1 (9th Cir. May 3, 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002).

By the time Petitioner then filed this federal habeas petition on April 6, 2010, two hundred and ninety-four (294) days of additional non-tolled time had accrued since the final disposition of his state APCR.  When the pre-PCR time period (262 days), and the post- PCR time period prior to Petitioner's filing of his federal habeas petition (294 days) are added, over five hundred and fifty-six (556) days of non-tolled time passed from when Petitioner's period of limitations started to run on June 19, 2006, and the filing of this federal petition, a time period well

---

[10]Because Petitioner did not file a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is not included. Pfeil v. Everett, 9 Fed.Appx. 973, 977 (10th Cir. 2001) ["Because [Petitioner] did not file a direct appeal to the [state] Supreme court, the ninety-day time period for appeals to the United States Supreme Court did not extend the date that his judgment and sentence became final."]. See e.g., Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) [where Petitioner appeals to the state Supreme Court, direct review concludes at expiration of time for seeking certiorari from United States Supreme Court]; 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort].



outside of the one (1) year federal statute of limitations. Hence, Petitioner has failed to timely file this federal petition, and he is therefore barred from seeking federal habeas relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).[11]

## II.

The United States Supreme Court has recently held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the

---

[11]While Petitioner also filed (and apparently still has pending) a second APCR, by the time Petitioner filed this subsequent APCR on January 21, 2010, two hundred and nineteen (219) days of non-tolled time had passed since the disposition of his first APCR on June 15, 2009. When that time is added to his pre-PCR non-tolled time of 262 days, over four hundred and eighty-one (481) days of non-tolled time had passed since his convictions became final. Therefore, even assuming arguendo that his 2010 PCR petition could be deemed a properly filed petition and potentially toll the federal statute of limitations during its pendency, over one year had already passed prior to his filing that petition. Further, the filing of that second APCR does not restart the federal statute of limitations. Artuz v. Bennett, supra [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review].



rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Finally, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

   Here, Petitioner does not even argue that his petition is subject to equitable tolling. Rather, he argues that this trial and PCR counsels are to blame for his having failed to adequately pursue his claims. See Petitioner's Response. Petitioner's complaint about his trial counsel was raised in his original PCR action, which Petitioner then declined to appeal, and as previously noted, the time for filing a federal habeas action did not start over after the conclusion of this collateral review. Cf. O'Neal v. South Carolina, No. 08-587, 2008 WL 4960423, at * 1-2 (D.S.C. Nov. 20, 2008); see Artuz v. Bennett, supra [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]. Petitioner also then let 294 days go by before filing this federal petition. See Pace, 544 U.S. at 419 (2005)[assuming without deciding the applicability of equitable tolling under the AEDPA statute of limitations, but finding that, under "long established principles, petitioner's lack of diligence precludes equity's operation"](citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

   In sum, no basis for equitable tolling is present in these facts, nor has Petitioner shown



any "extraordinary circumstances" which prevented him from filing a federal petition, or that he acted with reasonable diligence in pursuing his claims. Holland, 130 S.Ct. at 2562 [Petitioner must show he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way]; Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Marengo, 342 F.Supp.2d at 230 [Some courts have held that to obtain equitable tolling, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll]. Rather, Petitioner simply failed to timely file this federal petition. See also Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001)[bare assertions that conditions of his confinement prevented a Petitioner from filing an action earlier are insufficient to excuse the delay].

Petitioner has not met his burden of showing an entitlement to equitable tolling; Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]; and he is therefore barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed,** with prejudice.



The parties are referred to the Notice page attached hereto.

_____

Bristow Marchant
United States Magistrate Judge

February 24, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

