IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2011 MAR 15 A 8:47

| | |
|---|---|
| Bryan Jenerette, # 281446, ) | Case No. 9:10-886-RMG-BM |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| A.J. Padula, Warden Lee Correctional Institute, ) | |
| Defendant. ) | |

This is a *pro se* action brought by a state prisoner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. The Magistrate Judge issued a Report and Recommendation (Dkt. No. 43) on February 24, 2011 recommending that Respondent's Motion for Summary Judgment (Dkt. No. 35) be granted. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has objected to the Report and Recommendation. As explained herein, this Court agrees with the Report and Recommendation and grants the Respondent's Motion for Summary Judgment.

## LAW/ ANALYSIS

The Magistrate Judge makes only a recommendation. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Matthew v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(B)(1). This court may also "receive further evidence or commit the matter to the magistrate with instructions." *Id.* In the

absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F. 2d 198 (4th Cir. 1983).

On June 9, 2006 Petitioner was found guilty of possession of a stolen vehicle and his conviction became final on June 19, 2006. Petitioner pled guilty to other charges on August 10, 2006 and received a negotiated sentence of twenty-five (25) years, concurrent to his sentence for the June 9, 2006 conviction. (Dkt. No. 36-12 p. 64). On March 9, 2007, Petitioner filed an Application for Post Conviction Relief ("APCR") in state circuit court, which dealt with his conviction and sentence on the charge of possession of a stolen vehicle.[1] *Jenerette v. State of South Carolina*, No. 2007-CP-26-1514. On May 15, 2008, the PCR judge dismissed the APCR in its entirety and issued an order finding that Petitioner withdrew all claims except the claim relating to a belated appeal, and that with respect to that claim, Petitioner was not denied his right to appeal. (Dkt. No. 36-13 pp. 37-40). In a separate order, the PCR judge also denied relief in Petitioner's other PCR action. (Dkt. No. 36-14). Petitioner filed a timely consolidated appeal, however, he subsequently filed a motion to drop his appeal and it was dismissed on May 28, 2009. (Dkt. No. 36-22). On January 21, 2010, Petitioner filed another APCR which was dismissed on June 3, 2010. (Dkt. No. 36-29).

The *pro se* petition was filed on April 6, 2010[2], seeking relief for the June 19, 2006 final conviction. Respondent moved for summary judgment on December 2, 2010, asserting that the Petitioner's claim was time barred pursuant to the one year statute of limitations contained in 28

---

[1] Petitioner also subsequently filed a separate APCR on December 28, 2007, which dealt with his guilty plea. *Jenerette v. State of South Carolina*, No. 2007-CP-26-8208. Those convictions are the subject of another federal habeas petition which is pending before this Court. *See Jenerette v. Padula*, Civil Action No. 9:10-1030.

[2] *See Houston v. Lack*, 487 U.S. 266, 270-276 (1988)

U.S.C. § 2244(d)(1)(A). In a careful and detailed analysis that need not be repeated here, the Magistrate Judge calculated Petitioner's statutorily allowed one year time period and concluded that Petitioner filed his federal habeas petition after over five hundred and fifty-six (556) days of non-tolled time had passed, a time period well outside of the one year federal statute of limitations. (Dkt. No. 43, pp. 6-9). This Court has reviewed the calculations made by the Magistrate Judge regarding the statute of limitations and concluded that they are correct. Accordingly, Petitioner has failed to file this federal petition within the statute of limitations and thus is barred from seeking federal habeas relief.

Furthermore, the United States Supreme Court recently held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2552-2554, 2560-2562 (2010). Here, however, Petitioner does not argue that his petition is subject to equitable tolling, but rather that his trial and PCR counsels failed to adequately pursue his claims. (Dkt. No. 41). Petitioner filed a complaint about his trial counsel in his original PCR action two hundred and sixty-two (262) days after his conviction was final. Petitioner later dropped the action, but the time for filing a federal habeas action did restart at the close of this collateral review. *See Artuz v. Bennett*, 531 U.S. 4 (2000) (while state collateral review tolls the one-year statute of limitations under §2244(d)(A), it does not establish a right to file within one year after completion of collateral review). Petitioner then let an additional 294 days pass before filing this federal petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (assuming without deciding the applicability of equitable tolling under the AEDPA statute of limitations, but finding that, under "long established principles, petitioner's lack of diligence precluded equity's operation")(citing *Irwin v. Dept's of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Based on these facts, there is no basis for equitable tolling, Petitioner did not face any

3

"extraordinary circumstances" which prevented him from filing a federal petition within the statute of limitations, nor did he act with reasonable diligence in pursuing his claims. *Holland*, 130 S.Ct. at 2562 (Petitioner must show he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Hence, Petitioner has not met his burden of showing he is entitled to equitable tolling (Harris, 209 F.3d at 330 (Petitioner has burden to showing equitable tolling)); thus he is barred from seeking federal habeas relief. *See Pearson v. North Carolina*, 130 F. Supp.2d 742, 744-745 (W.D.N.C. 2001).

## CONCLUSION

After a *de novo* review of the record, Magistrate Judge's Report and Recommendation, and the relevant case law, this Court finds that the magistrate judge applied sound legal principles to the facts of this case. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation. The Respondent's Motion for Summary Judgment (Dkt. No. 35) is **GRANTED** and the Petition is **DISMISSED**, with prejudice.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability...shall indicate which specific issue or issues satisfy the showing required by paragraph (2). 28 U.S.C. § 2253(c).

A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the District Court is likewise debatable. See, Miller-El v. Cockrell, 537

U.S. 322, 336 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F. 2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 14, 2011
Charleston, South Carolina